# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERWIN DUERO-YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF OCEANSIDE; et al.,<br><br>Defendants. | Case No.: 3:18-cv-01569-H-MDD<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; and**<br><br>**(2) GRANTING LEAVE TO AMEND**<br><br>[Doc. No. 3] |

On August 23, 2018, Defendants City of Oceanside, Richard Schickel, Jeffrey Novak, and Ignacio Lopez ("Defendants") filed a motion to dismiss Plaintiff Erwin Duero-Young's ("Plaintiff") complaint. (Doc. No. 3.) On September 10, 2018, Plaintiff opposed the motion. (Doc. No. 6.) On September 24, 2018, Defendants replied. (Doc. No. 9.) On September 26, 2018, the Court took the matter under submission. (Doc. No. 10) For the reasons below, the Court grants in part and denies in part Defendants' motion to dismiss.

**Background**

The following facts are taken from the allegations in Plaintiff's complaint. (Doc. No. 1.) Plaintiff alleges that during a traffic stop, Oceanside Police Department Officers used excessive force against him, violated his First Amendment rights, and subjected him to an unreasonable seizure, among other claims. The Officers arrested Plaintiff for violation of Cal. Pen. Code § 148(a)(1)[1] and later released him. (Id. ¶ 51–52.)

After the incident, Lieutenant Ignacio Lopez ("Lt. Lopez"), Sergeant Richard Schickel ("Sgt. Schickel"), and Sergeant Jeffery Novak ("Sgt. Novak") (collectively, "the supervisor Defendants") reviewed the incident reports drafted by the Officers. (Id. ¶ 55.) Plaintiff alleges that the supervisor Defendants knew that Plaintiff had not committed a crime, but still approved the Officers' incident reports and forwarded those reports to the San Diego County District Attorney's Office for the purpose of procuring charges against Plaintiff. (Id. ¶ 55.) Plaintiff was charged with violating Cal. Pen. Code § 148(a)(1) and arraigned in the San Diego County Superior Court. (Id. ¶¶ 56–57.) Later, the District Attorney's office dismissed its charges. (Id. ¶ 58.)

On July 10, 2018, Plaintiff filed a complaint against Defendants in this Court. (Doc. No. 1.) Plaintiff brought claims against all Defendants for violation his right to be free from unreasonable search and seizure, violation of his right to petition the government for redress of grievances, violation of his right to be free from unreasonable use of force, malicious prosecution, violation of Cal. Gov. Code § 52.1, false arrest and imprisonment, assault, battery, and intentional infliction of emotional distress. (Id. ¶¶ 21–146.)

The supervisor Defendants move to dismiss the claims against them on the grounds that Plaintiff does not allege that they were involved in the arrest incident and Plaintiff has otherwise failed to allege facts sufficient to maintain a claim against them. Defendant City

---

[1] Pursuant to Cal. Pen. Code § 148(a)(1), "[e]very person who willfully resists, delays, or obstructs any public officer . . . in the discharge or attempt to discharge any duty of his or her office or employment, when no other punishment is prescribed, shall be punished by a fine not exceeding one thousand dollars ($1,000), or by imprisonment in a county jail not to exceed one year, or by both that fine and imprisonment."

of Oceanside ("the City") also moves to dismiss Plaintiff's claims against it. Defendants do not move to dismiss Plaintiff's claims against the Officers that arrested him.

## Discussion

**I.     Legal Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011). The Federal Rule of Civil Procedure 8(a)(2)'s plausibility standard governs Plaintiff's claims. The Supreme Court has explained Rule 8(a)(2) as follows:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. As the Court held in [Bell Atlantic Corp. v. Twombley, 550 U.S. 544 (2007)], the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (citations, quotation marks, and brackets omitted).

In reviewing a Rule 12(b)(6) motion to dismiss, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted). In addition, a court need not accept legal conclusions as true. Iqbal, 556 U.S. at 678. Further, it is improper for a court to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). Finally, a court may consider documents incorporated into the complaint by reference and items that are proper

///

subjects of judicial notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).

If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency, or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (internal quotation marks and citations omitted).

## II. Analysis

### A. First through Third Claims for Relief: Unlawful Seizure, First Amendment, and Excessive Force under 42 U.S.C. § 1983

#### 1. Lt. Lopez, Sgt. Schickel, and Sgt. Novak

Defendants argue that supervising officers Lt. Lopez, Sgt. Schickel, and Sgt. Novak "cannot be held liable under § 1983 because the complaint does not allege facts demonstrating that the supervisor Defendants were personally involved in the alleged underlying constitutional violations or that they set in motion a series of acts by others which they knew or reasonably should have known would cause others to inflict constitutional injury." (Doc. No. 3-1 at 10.) Defendants add further that Plaintiff's ratification theory does not apply to the supervisor Defendants because they are not authorized policymakers. (Doc. No. 3-1 at 13.) Plaintiff contends that the supervisor Defendants reviewed the incident reports, were aware that Plaintiff had committed no crime, but nonetheless approved and forwarded the reports to the San Diego County District Attorney's Office. (Doc. No. 6 at 12.) Plaintiff argues that this action "constituted a ratification" of the Officers' actions and "substantially contributed to and proximately caused" the violation of Plaintiff's right to be free from unreasonable seizures. (Doc. No. 6 at 12.) Plaintiff does not address Defendants' motion to dismiss the First Amendment claim and the excessive force claim against the supervisor Defendants. (See Doc. No. 6 at

13–15.) Instead, Plaintiff argues generally that he adequately plead those claims as against all Defendants. (See id.)

"Liability under section 1983 arises only upon a showing of personal participation by the defendant. . . . A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted).

Plaintiff alleges that the supervisor Defendants reviewed the incident reports drafted by the Officers that arrested him. (Doc. No. 1 ¶ 55.) Plaintiff alleges further that the supervisor Defendants were aware that Plaintiff had committed no crime, but nonetheless approved and forwarded the reports to the San Diego County District Attorney's Office. (Doc. No. 1 ¶ 55.) In addition, Plaintiff alleges that the supervisor Defendants "reviewed documents, videos, and recordings which conclusively proved that Plaintiff . . . had not committed any crime." (Doc. No. 1 ¶ 106.) Given that Plaintiff's excessive force and First Amendment claims relate to the incident that occurred before the supervisor Defendants reviewed the Officers' reports, Plaintiff has not alleged that the supervisor Defendants "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. With respect to Plaintiff's unreasonable seizure claim, Plaintiff has not alleged any specific facts supporting the conclusory allegation that the supervisor Defendants knew about the constitutional violations. (See Doc. No. 1 ¶ 55.) Plaintiff's only support for this allegation is that the supervisor Defendants reviewed documents, videos, and recordings which conclusively proved he had not committed a crime. This alleged fact is not sufficiently specific to support Plaintiff's allegation of the supervisor Defendants' knowledge. As a result, the conclusory allegation of knowledge alone, unsupported by specific facts, is insufficient to state a claim against the supervisor Defendants for violation of Plaintiff's right to be free from unreasonable seizure. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 557.

///

Plaintiff's ratification theory fails for the same reason. "To show ratification, a plaintiff must prove that the authorized policymakers approve a subordinate's decision and the basis for it. . . . Accordingly, ratification requires, among other things, knowledge of the alleged constitutional violation." Christie v. Iopa, 176 F.3d 1231, 1239 (9th Cir. 1999) (internal citations and quotations omitted). Plaintiff has not alleged specific facts supporting the conclusory allegation that the supervisor Defendants knew about the constitutional violations. (See Doc. No. 1 ¶ 55.) Based on the foregoing, the Court dismisses Plaintiff's unlawful seizure, First Amendment, and excessive force claims against Defendants Lt. Lopez, Sgt. Schickel, and Sgt. Novak. The Court grants Plaintiff leave to amend his claims.

### 2. City of Oceanside

Defendants argue that the City of Oceanside ("the City") should not be held liable for Plaintiff's unlawful seizure, First Amendment, and excessive force claims because Plaintiff has not sufficiently alleged "a long standing custom or practice to retaliate, falsely arrest, or use force against innocent citizens based on verbal expression alone." (Doc. No. 3-1 at 12.) In his opposition, Plaintiff does not address Defendants' motion to dismiss the unlawful seizure, First Amendment, and excessive force claims specifically against the City. (See Doc. No. 6 at 13–15.) Instead, Plaintiff argues generally that he adequately plead those claims as against all the defendants. (See id.)

Municipalities may not be held vicariously liable under § 1983 for the conduct of their employees. Chudacoff v. University Medical Center of Southern Nevada, 649 F.3d 1143, 1151 (9th Cir. 2011) (citing Monell v. Dept. of Social Services of the City of New York, 436 U.S. 658, 692 (1978)). A municipality will be liable "under § 1983 only if a plaintiff shows that his constitutional injury was caused by employees acting pursuant to an official policy or 'longstanding practice or custom,' or that the injury was caused or ratified by an individual with 'final policy-making authority.'" Id. (citing Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 964 (9th Cir.2008)).

///

Plaintiff alleges that the supervisor Defendants "creat[ed], implement[ed], appl[ied], and maintain[ed] the policy, custom, and/or practice on behalf of Defendant [City] under which [the Officers that arrested Plaintiff] unlawfully seized innocent persons without reasonable suspicion or probable cause of criminal activity, without reasonable suspicion that said persons are armed/dangerous, and without investigating whether any crime has been committed[.]" (Doc. No. 1 ¶ 63.) Plaintiff does not allege any facts supporting his allegation that the individual Officers violated his rights pursuant to an unlawful policy or custom. Plaintiff's conclusory allegation that the City maintained an illegal or unconstitutional policy without facts in support is not sufficient to maintain his claims against the City. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 557. And, as discussed above, Plaintiff's ratification theory fails because he has not alleged specific facts supporting the conclusory allegation that the supervisor Defendants knew about the alleged constitutional violations. Based on the foregoing, the Court dismisses Plaintiff's unlawful seizure, First Amendment, and excessive force claims against the City. The Court grants Plaintiff leave to amend his claims.

**B. Malicious Prosecution under 42 U.S.C. § 1983**

    **1. Lt. Lopez, Sgt. Schickel, and Sgt. Novak**

Defendants argue that Plaintiff has not properly pled his malicious prosecution claim because Plaintiff has failed to allege sufficiently that Defendants acted with the requisite malice or that they committed any deliberately wrongful act. (Doc. No. 3-1 at 14.) Plaintiff argues that the supervisor Defendants authored false reports despite knowing that there was no probable cause to arrest Plaintiff. (Doc. No. 6 at 15.) He asserts that because the San Diego County District Attorney later dismissed the case against Plaintiff after reviewing video footage and other evidence, the entire criminal proceeding was baseless. (Id.)

To prevail on a claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her equal protection or another specific constitutional right." Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995) (citing Bretz v. Kelman,

773 F.2d 1026, 1031 (9th Cir.1985) (en banc); Cline v. Brusett, 661 F.2d 108, 112 (9th Cir. 1981)).

Plaintiff has not sufficiently alleged a malicious prosecution claim. Plaintiff's claim rests on the conclusory allegation that the supervisor Defendants knew that there was no probable cause to arrest Plaintiff, but nevertheless sought to prosecute Plaintiff. In support, Plaintiff alleges that the supervisor Defendants "had access to, and reviewed, documents, videos, and recordings which conclusively proved that Plaintiff . . . had not committed any crime . . . ." (Doc. No. 1 at ¶ 106.) As with Plaintiff's previous claims against the supervisor Defendants, the allegation of knowledge alone, unsupported by specific facts, is insufficient to state a claim against the supervisor Defendants for malicious prosecution. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 557. Plaintiff's allegation that the Officers had access to and reviewed videos, recordings, and documents is not sufficiently specific to support Plaintiff's allegation that the Officers knew that Plaintiff had not committed a crime. Based on the foregoing, the Court dismisses Plaintiff's malicious prosecution claim against Defendants Lt. Lopez, Sgt. Schickel, and Sgt. Novak.[2] The Court grants Plaintiff leave to amend his claim.

### 2. City of Oceanside

Defendant argues that Plaintiff does not allege a longstanding custom or practice of maliciously prosecuting innocent citizens and an isolated event is not enough to establish liability under Monell. (Doc. No. 3-1 at 15–16.) Plaintiff does not address Defendants' motion to dismiss the malicious prosecution claim specifically against the City. (See Doc. No. 6 at 15.) Instead, Plaintiff argues generally that he adequately plead the malicious prosecution claim as against all Defendants. (See id.)

///

---

[2] Defendants argue that as to Plaintiff's federal claims, the supervisor Defendants are entitled to qualified immunity. Given that the Court dismisses Plaintiff's federal claims against the supervisor Defendants, the Court does not reach the issue of whether the supervisor Defendants are entitled to qualified immunity for reviewing the incident reports and forwarding those reports to the District Attorney's office.

Plaintiff has not sufficiently alleged a Monell claim against the City for malicious prosecution. Although Plaintiff includes the City in his malicious prosecution claim, Plaintiff does not allege a longstanding custom or practice of maliciously prosecuting innocent citizens. See Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."). Insofar as Plaintiff alleges that supervisor Defendants were final decision-making authorities and maliciously prosecuted him by ratifying the Officers' actions, Plaintiff has not sufficiently alleged that the supervisor Defendants knew of the alleged constitutional violations, as previously discussed. Christie, 176 F.3d at 1239 ("[R]atification requires, among other things, knowledge of the alleged constitutional violation." (internal citations and quotations omitted)). Absent such allegations, Plaintiff has not sufficiently alleged a claim of malicious prosecution against the City. Based on the foregoing, the Court dismisses Plaintiff's malicious prosecution claim against the City. The Court grants Plaintiff leave to amend his claim.

**C. Conspiracy**

Defendants argue that Plaintiff failed to allege a conspiracy. (Doc. No. 3-1 at 18–19). Defendants contend that if Plaintiff's allegations are construed to be made under 42 U.S.C. 1983(3), a federal civil rights claim, then Plaintiff has not alleged that Defendants acted pursuant to racial or other class based animus as is required by the statute. (Id.) In the alternative, Defendants argue that if Plaintiff's allegations are construed to be made pursuant to California state law, the claim fails as well. Defendants reach this conclusion by arguing that Plaintiff has not established prior knowledge of the alleged wrongful acts stated in the complaint, and that Plaintiff has not alleged agreement by two or more people to intentionally commit the wrongful acts. Plaintiff does not address Defendants' arguments in his opposition.

///

The Court concludes that Plaintiff has not sufficiently alleged a conspiracy. "There is no separate tort of civil conspiracy under California law. Rather, a civil conspiracy under California law 'requires [an] independently wrongful act and resulting damages.'" Ting v. United States, 927 F.2d 1504, 1514–15 (9th Cir. 1991) (quoting Pacific Tel. & Tel. Co. v. MCI Telecommunications Corp., 649 F.2d 1315, 1319 (9th Cir.1981)). Plaintiff does not specify which wrongful act supports his conspiracy claim, but rather generally alleges that Defendants Does 1 through 10 conspired "to deprive Plaintiff of his federal constitutional and statutory rights, and California constitutional and statutory rights state law rights . . . ." (Doc. No. 1 ¶ 19.) Moreover, Plaintiff provides no specific facts to explain how Defendant Does 1 through 10 conspired against him. Even assuming that Plaintiff specified the wrongful act, in order to sufficiently allege a conspiracy, Plaintiff must allege specific facts concerning the actions of Defendant Does 1 through 10 and their relation to the Plaintiff's alleged injuries. See Iqbal, 556 U.S. at 677–78. Thus, the Court dismisses Plaintiff's conspiracy claim against Defendants Does 1 through 10. The Court grants Plaintiff leave to amend his claim.

**D. California State Government Claims Act**

As a preliminary matter, the Court notes that it has dismissed the all the federal claims against the supervisor Defendants. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). In the event that Plaintiff does not maintain his federal claims against the supervisor Defendants, the Court would be disinclined to exercise supplemental jurisdiction over the Plaintiff's remaining state law claims against the supervisor Defendants. See 28 U.S.C. § 1367 (c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"). Nevertheless, for the purposes of the amended complaint, the Court addresses Plaintiff's remaining state law claims.

///

**1. Lt. Lopez, Sgt. Schickel, and Sgt. Novak**

Defendants argue that Plaintiff's state law claims against the supervisor Defendants fail because Plaintiff did not comply with California's Government Claims Act ("Claims Act"). (Doc. No. 3-1 at 19.) Plaintiff does not address this argument in his opposition.

The Claims Act provides that a plaintiff bringing a claim for money or damages against a local public entity must first file a written claim with the governing body of the local public entity. Cal. Gov. Code §§ 905; 900.2(a). The Claims Act requires the plaintiff to file the written claim within six months from when the claim accrues and bars suit until the claim is acted upon or deemed rejected. Id. at §§ 911.2, 945.4; City of Stockton v. Superior Court, 42 Cal. 4th 730, 738 (2007). "The filing of a claim is a condition precedent to the maintenance of any cause of action against the public entity and is therefore an element that a plaintiff is required to prove in order to prevail." Del Real v. City of Riverside, 95 Cal. App. 4th 761, 767 (2002). A plaintiff must allege facts demonstrating either compliance with the Claims Act or an excuse for noncompliance. State of California v. Superior Court (Bodde), 32 Cal. 4th 1234, 1243–44 (2004).

"In order to comply with the claim presentation requirement, the facts alleged in a complaint filed in the trial court supporting a cause of action against a government employee . . . must be consistent with the facts contained within the government claim." Gong v. City of Rosemead, 226 Cal. App. 4th 363, 376 (2014); see also Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth., 34 Cal. 4th 441, 447 (2004) ("Only where there has been a complete shift in allegations, usually involving an effort to premise civil liability on acts or omissions committed at different times or by different persons than those described in the claim, have courts generally found the complaint barred." (internal quote marks and citations omitted)); Nelson v. State of California, 139 Cal. App. 3d 72, 79 (1982) ("If a plaintiff relies on more than one theory of recovery against the state, each cause of action must have been reflected in a timely claim. In addition, the factual circumstances set forth in the written claim must correspond with the facts alleged in the complaint[.]"); City of San Jose v. Superior Court, 12 Cal. 3d 447, 455, 525 P.2d 701, 706 (1974) ("[T]he

3:18-cv-01569-H-MDD

purpose of [the claims statutes] is to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation.").

Plaintiff has not complied with the California Government Claims Act with respect to his state law claims against the supervisor Defendants. In his claim for damages filed with the State,[3] Plaintiff does not discuss his claims against the supervisor Defendants. Instead, Plaintiff only details the arrest incident. Although Plaintiff lists supervisor Defendant Schickel on the claim form, Defendant Schickel is listed in reference to the arrest incident. Plaintiff does not provide any details concerning Defendant Schickel's or another supervising officer's subsequent actions in reviewing the incident reports. As such, the Court dismisses Plaintiff's California state law claims against Defendants Lt. Lopez, Sgt. Schickel, and Sgt. Novak, which includes Plaintiff's claims for violation of Civil Code § 52.1, false arrest/false imprisonment, assault, battery, and intentional infliction of emotional distress.[4] Plaintiff is granted leave to amend his state law claims to allege facts in an amended complaint to cure the Claims Act deficiency.

**2. City of Oceanside**

Defendants argue that the City has derivative immunity when its employees are immune, and therefore the City cannot be held liable for the state law claims Plaintiff advances against supervisor Defendants. (Doc. No. 9 at 10.) The Court agrees with Defendants. "Under California law, public entities are liable for actions of their employees within the scope of employment, Cal. Gov't Code § 815.2(a), but public entities are immune from liability to the extent their employees are immune from liability, Cal. Gov't Code § 815.2(b)." Gant v. Cty. of Los Angeles, 772 F.3d 608, 623 (9th Cir. 2014). As a

---

[3] The Court grants Defendants' request to take judicial notice of the claim for damages form filed by Plaintiff with the City of Oceanside because the document's authenticity is not subject to reasonable dispute. (Doc. No. 3-2.) See Fed. R. Evid. 201(b)(2).

[4] Given that the Court dismisses Plaintiff's California state law claims for failure to comply with the Claims Act, the Court does not reach Defendants' remaining arguments related to each of Plaintiff's separate state law claims.

result, Plaintiff's state law claims against the City based upon supervisor Defendants' actions are also dismissed with leave to amend.

**E. Bane Act Claim under Cal. Civ. Code § 52.1**

Defendants seek to dismiss Plaintiff's claim under California Civil Code § 52.1 against the City. (Doc. No. 3-1 at 21–22.) Defendants argue that Plaintiff's claim is merely duplicative of Plaintiff's federal claims and thus should fail for the same reasons. (Doc. No. 3-1 at 21–22.) Plaintiff argues that he sufficiently alleged a Bane Act claim against Defendants generally because his Bane Act claim is based on a valid excessive force claim. (Doc. No. 6 at 15–16.)

California Civil Code § 52.1, commonly referred to as the Bane Act, creates a private cause of action for damages and equitable relief available to any "individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States . . . has been interfered with" by "a person or persons" using "threat, intimidation, or coercion . . . ." Cal. Civ. Code § 51.2(a)–(b). The Ninth Circuit has explained that:

> The Tom Bane Civil Rights Act, 1987 Cal. Stat. 4544, was enacted in 1987 to address hate crimes. The Bane Act civilly protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out "by threats, intimidation or coercion." See Venegas v. County of Los Angeles, 63 Cal. Rptr. 3d 741, 742 (Cal. Ct. App. 2007). Section 52.1 "provides a cause of action for violations of a plaintiff's state or federal civil rights committed by 'threats, intimidation, or coercion.'" Chaudhry v. City of Los Angeles, 751 F.3d 1096, 1105 (9th Cir. 2014) (quoting Cal. Civ. Code § 52.1). Claims under section 52.1 may be brought against public officials who are alleged to interfere with protected rights, and qualified immunity is not available for those claims. See Venegas, 63 Cal. Rptr. 3d at 753.

Reese v. Cty. of Sacramento, 888 F.3d 1030, 1040–41 (9th Cir. 2018) (footnote omitted).

Plaintiff alleges a Bane Act violation against all Defendants premised on the same facts as his Fourth Amendment excessive force and First Amendment claims. (Doc. No. 1 ¶¶ 115–20; Doc. No. 6 at 15–16.) Given that Defendants do not seek to

13

3:18-cv-01569-H-MDD

dismiss Plaintiff's Bane Act claim against the Officers who arrested Plaintiff, the Court declines to dismiss Plaintiff's Bane Act claim against the City.

**Conclusion**

For the foregoing reasons, the Court grants in part and denies in part Defendants' motion to dismiss, and grants leave to amend all dismissed claims. Specifically, the Court dismisses Plaintiff's claims against Defendants Lt. Lopez, Sgt. Schickel, and Sgt. Novak, and Plaintiff's claims of conspiracy by Does 1 through 10. With respect to the City, the Court dismisses Plaintiff's claims for unlawful seizure, violation of his First Amendment rights, excessive force, and malicious prosecution, as well as Plaintiff's state law claims against the City that are based upon supervisor Defendants' actions. The Court denies Defendants' motion to dismiss Plaintiff's Bane Act claim against the City. The Court orders Plaintiff to file an amended complaint on or before **November 5, 2018**.

**IT IS SO ORDERED.**

DATED: September 27, 2018

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT